Lipscomb, J.
The transcript in this case is incumbered with wliat seems, to liave been framed for a bill of exceptions and a statement of facts. Neither of them has been signed by the presiding judge, nor by counsel, and they arc therefore no part of tlie record, and should not liave been recorded.
Tlie correctness of the decree perpetuating the injunction will be discussed. It seems that tlie court below treated the default in not answering as amounting to tlie same in this case that would have been the legal consequence of a default where the suit had been for a sum liquidated and made certain by ail instrument in writing acknowledging the amount of the sum sued for, or for a specific chattel. In so doing, we apprehend the court erred. The only consequence of a failure to answer tlie petition would be an admission of the truth of the facts alleged in the petition. It would liave stood before the court as confessed, and tlie judge should liave looked into the bill-and decreed according to the facts so admitted to lie (rue, if lie believed that tiie.y afforded a ground for relief. Now there can be no pretence but that some costs were diie, anil tiiat under the order of the court tlie complainant was liable for legal costs. He says that they were excessive, and not in accordance with law. Then a relaxation of costs should liave been ordered. If the execution ran against him for costs, in the cases where lie sued as administrator, it should have been corrected. All the errors in tlie taxation of costs might have been corrected, but it should have been provided for and directed by an interlocutory decree directing a retaxation, as the record does not show that the court below liad sufficient facts before it to liave enabled the court to liave disposed of the costs without a reference. The judgment and decree is reversed and tlie cause remanded.
Judgment reversed.